**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,

    and

Housing Opportunities Made Equal, Inc.,

    Plaintiff-Intervenor,

        v.

John Klosterman, et al.,

    Defendants.

Case. No. 1:18cv194

Judge Michael R. Barrett

## ORDER ON REPORT AND RECOMMENDATION & CONTEMPT ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 103). The R&R recommends that the Court grant both the Government's Motion to Substitute Defendant John Klosterman for Defendant Susan Klosterman and Motion to Enforce the Consent Decree, and also recommends entering a finding of civil contempt against both Defendant John Klosterman individually and as substitute for Susan Klosterman. (*Id.*) Pro se Defendant John Klosterman filed objections (Doc. 108), and the Government filed a response to the objections (Doc. 110).

The Magistrate Judge completed a comprehensive review of the record, the pending motions, and the parties' arguments regarding those motions, and the same will not, and need not, be repeated herein. (Doc. 103). It is well-settled that signatories to any written contract are to read and understand the terms of any contract that they ultimately sign, and that such signatories must subsequently act accordingly. Defendant John Klosterman's

alleged failure to read and understand the Consent Decree in this matter before he ultimately signed the Consent Decree is no one's fault but his own. Defendant John Klosterman's on-going failure to act in accordance with the Consent Decree is also no one's fault but his own. His litany of excuses—including blaming his prior counsel in this matter, his prior counsel in eviction matters, the City of Cincinnati, the Federal Government, his late spouse, COVID-19, the small number of properties he admits to currently owning and directly and indirectly managing, billing issues, his state court civil litigation, his state court criminal charges, his house arrest, his subsequent criminal conviction, and his incarceration for his failure to abide by the 9[1] specific sections of the Consent Decree highlighted by the Government in its Motion to Enforce and Magistrate Judge in the pending R&R—is unavailing. *See, e.g.*, (Docs. 99, 108). And his dispute of the factual allegations underlying this lawsuit (Doc. 108 PageID 5413-15) is misplaced, as he signed the Consent Decree, and it became effective immediately upon the Court's entry. The time for resolving factual disputes has long passed. Defendant John Klosterman must abide by the entire Consent Decree that he signed for the now-extended period that the Consent Decree remains in place.

After a review of the pertinent filings related to the pending R&R, the Court finds that the Magistrate Judge more than adequately addressed the parties' arguments and correctly determined that the Court should grant the Government's Motion to Substitute John

---

[1] In light of Court's prior Order regarding the specific sections of the Consent Decree regarding Defendants' remaining payment of monetary damages (Doc. 106), Defendant John Klosterman's submission of a check in the amount of $15,000.00 to this Court (Doc. 107), the Clerk's holding of those funds in an interest-bearing account, and the Government's submission related to those funds (Doc. 111), the Court excludes Defendants' failure to abide by ¶¶ 27-32 of the Consent Decree in calculating this number. *See* (Doc. 103 PageID 5392-95).

Klosterman for Defendant Susan Klosterman and Motion to Enforce the Consent Decree, as construed as a motion to reopen this case to Enforce the Consent Decree, and that the Court should enter a Contempt Order (Doc. 103); *see* 28 U.S.C. § 636(b); FED. R. CIV. P. 72. Defendant John Klosterman's objections do not persuade the Court otherwise, as he admits to violating the Consent Decree in those objections. *E.g.*, (Doc. 108 PageID 5491) ("I am now communicating with 1 tenant . . ."). The Court will adopt the R&R in its entirety except as to those portions regarding Defendants' remaining payment of monetary damages, as Defendant John Klosterman is now working with the Court and Government to resolve those violations of the Consent Decree, *see supra* note 1, and with slight changes to two of the Contempt Order deadlines.

Based on the foregoing, the Court **ADOPTS** the R&R (Doc. 103) its entirety except as to those portions regarding Defendants' remaining payment of monetary damages and with slight changes to two of the Contempt Order deadlines. Consistent with the recommendations therein, it is **ORDERED** that:

1. Plaintiff's Motion to Substitute John Klosterman for Defendant Susan Klosterman (Doc. 101) is **GRANTED**;
2. Plaintiff's Motion to Enforce the Consent Decree, as construed as a motion to reopen this case to Enforce the Consent Decree, (Doc. 95) is **GRANTED**;
3. The Court **ENTERS** a finding of **CIVIL CONTEMPT** against both Defendant John Klosterman individually and as substitute for Susan Klosterman, and **INCLUDES** the following provisions as a **CONTEMPT ORDER**:
    a. The term of the Consent Decree (Doc. 92) is hereby **EXTENDED** until July 1, 2026;

    b. The prefatory language in ¶ 13 and ¶ 22 of the Consent Decree is hereby interpreted and formally reformed in the manner discussed in the R&R at (Doc. 103 PageID 5386, 5391);

    c. The following prospective monetary sanctions are hereby **ADDED** to the terms of the original, and now-extended, Consent Decree:

        i. $100 per day **shall** be paid to the Government if, within fourteen (14) days of this Contempt Order, Defendant John Klosterman has not proposed to the Government a professional Independent Manager who has experience with property management and does not have any personal relationship with Defendants, pursuant to ¶ 13 of the Consent Decree. Such daily fine shall continue until Defendant John Klosterman has made a proposal that complies with the requirements of ¶ 13, but should not exceed thirty (30) days absent further Order of this Court;

        ii. $100 per day **shall** be paid to the Government if, within fourteen (14) days of this Contempt Order, Defendant John Klosterman has not proposed to the Government Fair Housing Act training for himself and for any employees and agents pursuant to ¶¶ 22 and 23 of the Consent Decree. Such daily fine shall continue until Defendant has made a proposal that complies with the requirements of the Consent Decree, but should not exceed thirty (30) days absent further Order of this Court;[2]

---

[2] The Government shall review Defendant John Klosterman's contention that he cannot comply with the training requirement during his incarceration. If no training is possible for Defendant John Klosterman at this time, the parties shall employ their best efforts to propose a reasonable modification of ¶ 22 for Defendant John Klosterman only, and shall so notify the Court.

4

      iii. $500 per incident **shall** be paid to the Government as an additional fine if, on any occasion following the issuance of this Contempt Order, Defendant John Klosterman engages in property management responsibilities that are specifically prohibited by the terms of the Consent Decree; and $500 per incident **shall** be paid to the Government as an additional fine if, on any occasion following the issuance of this Contempt Order, Defendant John Klosterman communicates with tenants or prospective tenants in violation of the Consent Decree;

          1. the fine(s) specified in this paragraph (iii) shall not exceed a total of $5,000 absent further Order of this Court, and may be excused upon clear and convincing evidence by John Klosterman that communication was required on an emergency, *i.e.*, sudden and serious, basis;

d. Within ten (10) days of the date of the issuance of this Contempt Order, Defendant John Klosterman **shall** be required to provide to the Government a complete list of all rental properties that John and/or Susan Klosterman have owned, leased, managed, or otherwise controlled (directly or indirectly) beginning on October 1, 2020, through the present date.

      i. Said list shall be verified with a declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746 to ensure that the Government has a complete list of past and current holdings;

e. Within ten (10) days of the date of the issuance of this Contempt Order, Defendant John Klosterman **shall** provide to the Government a full accounting

of incomes and expenses at all properties owned, leased, managed or controlled by Defendants outside of the Receivership since October 1, 2020, including bank records, rent receipts, and receipts for any expenses for the maintenance of the properties which Defendants maintain should be deducted from the calculation of profits;

  i. Defendant John Klosterman's prior attempt at submitting this information in his Objections (Doc. 108 PageID 5420) is wholly inadequate and does not meet the specificity compelled by this Contempt Order;

  ii. Following receipt of this information, the Government may, in its discretion, move the Court to require Defendants to pay rental profits into a fund for the Independent Manager's maintenance of the properties, to restore the parties to the position that they would have been in but for Defendants' noncompliance with the Consent Decree, and to ensure that sufficient funds are available for property management going forward;

f. Within ten (10) days of the date of the issuance of this Contempt Order, and every ninety (90) days thereafter for the duration of the Consent Decree, Defendant John Klosterman **shall** file with this Court a certification affirmatively stating that he has complied with all Consent Decree requirements including but not limited to the additional requirements entered with this Contempt Order; **AND**

g. The requirement for the parties to endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with the Consent

Decree, as set forth in ¶ 46 of the Consent Decree,[3] shall continue along with all other provisions unless modified by this Contempt Order.

4. Out of an abundance of caution, and in light of the Contempt Order contained herein, the Clerk is hereby **ORDERED** to mail Defendant John Klosterman one copy each of the Consent Decree (Doc. 92), the R&R (Doc. 103), and this Order.

**IT IS SO ORDERED.**

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court

---

[3] Paragraph 46 includes, but is not limited to, resolution of any future defense of impossibility of performance.